## DUNLAP v. FOSTER.

1. When a judgment is obtained against a principal, and his sureties, and the property of the principal is levied on for its discharge, a third person who become bound in a delivery bond for the forthcoming of the property, and it not being delivered, has the debt to pay, cannot look to the sureties for contribution.

Error to the County Court of Tuscaloosa.

THIS was a motion by the defendant, against the plaintiff in error. The record discloses, that Dunlap and Miller, were the sureties of one Lee, to the State Bank; that the Bank, by motion, obtained a judgment against Lee, and his sureties. That execution issued thereon, and was levied on certain slaves, the property of Lee. That Lee gave a forthcoming bond to the sheriff for the delivery of the slaves, on the day of the sale, with Foster as his surety. That the bond was forfeited, and that execution issued thereon against Foster, as well as the parties to the original judgment, and the money being made out of Foster, he sought to recover contribution from Dunlap & Mil-

ler, as co-securities with him for Lee. The Court rendered judgment against the plaintiff in error, for one third part of the amount of judgment—from which he prosecutes this writ.

PORTER, for the plaintiff in error. If this motion can be sustained, it must be by authority of one of the statutes giving the right to this remedy; but none can be found authorizing a remedy by motion in such a case as the present; because, in truth, Foster was the surety of Lee, and not the co-surety of the plaintiff in error.

P. MARTIN, contra, contended, that Foster was either co-surety with the original sureties of Lee, or else they stood towards him in the relation of principal, and in either event this motion was sustainable.

ORMOND, J.—A surety does not lose his distinctive character, or forfeit the rights which spring from that relation, by a judgment being rendered against him, jointly with his principal, as was held by this Court, in the case of Carpenter v. Devon, 6 Ala. Rep. 718.

Notwithstanding, therefore, a judgment was obtained against Lee, and his sureties by the Bank, the relation of principal and surety still existed between them, and they do not therefore stand in the relation of principal, to Foster. Are they co-sureties with him, for the principal debtor?

It is not necessary to create the relation of co-surety, that those standing in that relation, should have become bound for the principal debtor by the same instrument, or at the same time; if it is the same transaction, and they have a common interest, or a common burthen to bear; as was held in the case of Deering v. Winchelsea, argued in the Exchequer Chamber, 2 Bos & P. 270. The reason is, that the right to contribution is not founded on contract, but arises from equitable considerations, growing out of the relation of suretyship, where the sureties have not by contract, stipulated for the measure of the obligation, that shall exist between them, as to contribution. See the observations of Lord Eldon, Cooper v. Twineam, T. & Russ. 426.

The question then, here, is, are these parties sureties in the same transaction; it is only necessary to advert to the facts of

the case, to see, that they are not. They are not only not sureties in the same transaction, having a common interest, and a common burthen, but their interests are, if not absolutely antagonist to each other, at least dissimilar. After the judgment was obtained, and the levy made on the property of the principal, the sureties had a direct interest that the property should be sold, for its discharge. This, the defendant in error prevented, by becoming bound for the delivery of the property to the sheriff on the day of sale, thereby causing its return to the principal, and thus enabling him, as the event has proved, to disappoint the expectations of the sureties. These two acts are clearly not the same transaction, but separate and distinct. Miller & Dunlap were sureties for the payment of the debt to the Bank; Foster was surety for the principal, that he would produce the property on the day of sale, to satisfy the execution; and his principal having failed, he cannot look to the sureties for the payment of the debt to the Bank, for contribution.

From this, it results, that the Court erred in its judgment, which must therefore be reversed.